Crisostomo G. Ibarra (SBN 103480)
Gener D. Benitez (SBN 206765)
Ibarra Professional Law Corporation
459 Fulton Street, Suite 109
San Francisco, CA 94102
Telephone: (415) 398-5329
Facsimile: (415) 398-6831

Attorneys for Plaintiff
GLORIA NUNEZ

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA NUNEZ,<br><br>　　Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY RETIREMENT PLAN,<br><br>　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**[ERISA, 29 U.S.C. § 1132 (a)(1)(B)]** |

Plaintiff GLORIA NUNEZ ("Plaintiff") alleges as follows:

**INTRODUCTION**

1. This is an action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiff seeks to recover survivor benefits pursuant to the terms of the "Pre-Retirement Survivor's Pension" of the Defendant PACIFIC GAS AND ELECTRIC COMPANY RETIREMENT PLAN ("Defendant" or the "Plan") and under 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks these remedies, plus prejudgment interest, Plaintiff's costs and attorney's fees, pursuant to 29 U.S.C. § 1132(e)(1) and (f).

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to ERISA, 29 U.S.C. § 1132(e)(1) and (f), which give district courts jurisdiction to hear civil actions brought to recover benefits due under

the terms of an employee benefit plan. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this district pursuant to ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. § 1391, as the Plan is administered in this district.

**PARTIES**

3. At all times material herein, Plaintiff is the surviving spouse of Decedent Daniel Nunez ("Decedent"). Decedent was a participant under the Plan through his employment with Pacific Gas and Electric Company, and died on October 12, 2015. Plaintiff is a "beneficiary" as that term is defined by ERISA, 29 U.S.C. § 1002(8).

4. The Plan is an "employee benefit plan" as defined by ERISA, 29 U.S.C. § 1002(3).

5. At all times material herein, the Pacific Gas and Electric Company Retirement Plan is the plan administrator of the Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

6. At all times material herein, the Pacific Gas and Electric Company Retirement Plan is the claims administrator of the Plan, making and/or participating in making all benefits decisions under the Plan.

**FACTS**

7. Plaintiff and Decedent were married on November 28, 2014.

8. In early August 2015, Decedent's cancer, which they believed Decedent had successfully overcome in 2014, came back.

9. Section 12 of Part III of the Plan provides a "Pre-Retirement Survivor's Pension" to the surviving spouse or beneficiary of an employee who dies prior to his benefit commencement date. Under the terms of the Plan, if a participant is married and would like to designate a beneficiary other than his or her spouse for purposes of the Pre-Retirement Survivor's Pension, the spouse "must consent to such designation by signing the designation form provided by [PG&E] with such signature witnessed and notarized."

10. On August 28, 2015, expecting Decedent's death, Decedent's oldest daughter, Adriana Vanessa Nunez ("Vanessa") made Plaintiff sign a PG&E Pre-Retirement Beneficiary

Designation Form supposedly waiving Plaintiff's rights as a surviving spouse to Decedent's pre-retirement death benefits with the Plan, naming Vanessa instead as the beneficiary. Decedent did not sign the form. Plaintiff claims that Vanessa told her that the forms were for Plaintiff to receive the pension benefits of Decedent, otherwise, they would go to the government. Plaintiff signed the form believing what Vanessa told her. Plaintiff had no idea what the form really meant, as the waiver was in English (and she was not given a Spanish translation), and her ability to understand English is limited. Plaintiff came from a small village in Mexico and only finished an equivalent of 8th Grade in Spanish. When in the United States, Gloria attended three to four months of ESL classes but had to stop to take care of her young daughters. In short, Plaintiff cannot read and write English, let alone grasp what the waiver meant.

11. On August 29, 2015, Vanessa again made Plaintiff sign another PG&E Pre-Retirement Beneficiary Designation Form, because Decedent did not sign the earlier form.

12. Plaintiff did not understand what those forms with PG&E were for. When she found out what they meant, Plaintiff sent a handwritten letter to the Plan dated September 1, 2015, stating that she did not know what she signed.

13. On September 19, 2015, Vanessa made Plaintiff sign another PG&E Pre-Retirement Beneficiary Designation Form. That time, Plaintiff claims that Vanessa threatened that she would report Plaintiff to the immigration authorities if Plaintiff would not sign. Plaintiff claims that although she understood at that time what she was signing, she did not voluntarily do so, and was forced to sign because of Vanessa's threat.

14. Decedent died on October 12, 2015.

15. Plaintiff and Vanessa made competing claims as the beneficiary to Decedent's Pre-Retirement Survivor's Pension under the Plan. On May 31, 2016, William Shelley, the individual authorized by the Plan to make initial claims decision, issued his decision that Plaintiff was entitled to Decedent's pre-retirement survivor benefits (and that the forms Plaintiff signed in August and September 2015 were invalid, as they were not knowingly and willingly made), and not Vanessa.

16. On or about July 26, 2016, Vanessa appealed the decision of the Plan with the Employee Benefits Appeals Committee ("EBAC").

17. On or about September 12, 2016, Plaintiff filed her opposition to Vanessa's appeal, which was treated by EBAC as Plaintiff's appeal.

18. On November 11, 2016, the EBAC of the Plan overturned Mr. Shelley's initial decision, and ruled instead that Vanessa was the person entitled to Decedent's Pre-Retirement Survivor's Pension.

## COUNT I

### Violation of ERISA, 29 U.S.C. 1002(a)(1)(B)

19. Plaintiff incorporates paragraphs 1-18 above as though fully set forth herein.

20. ERISA, 29 U.S.C. § 1132(a)(1)B(B) authorizes Plaintiff to recover benefits due under the terms of the Plan, to enforce Plaintiff's rights under the terms of the Plan, and/or to clarify Plaintiff's rights to future benefits under the terms of the Plan.

21. Plaintiff is the surviving spouse of Decedent. Plaintiff's so-called "waivers" of her rights to the survivor's benefits on August 28, August 29, and September 19, 2015, were invalid as they were not knowingly and/or not voluntarily given.

22. By denying Plaintiff Decedent's pre-retirement survivor benefits under the terms of the Plan, as the surviving spouse whose waiver of the benefits were not validly given, the Plan has violated and continues to violate ERISA, 29 U.S.C. § 1132(a)(1)(B).

23. Plaintiff has exhausted the applicable administrative remedies with respect to her pre-retirement survivor's benefits claim.

24. As a result of the denial by the Plan, Plaintiff has been deprived of Decedent's pre-retirement survivor benefits under the terms of the Plan.

25. As a result of the denial of benefits by the Plan, Plaintiff has incurred attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(1).

## PRAYER

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against the Plan as follows:

A. For Plaintiff to be awarded Decedent's pre-retirement survivor benefits under the Plan, pursuant to 29 U.S.C. § 1132(a)(1)(B);

B. For prejudgment and postjudgment interest;

C. For an award of attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and the facts and circumstances of this case; and

D. For such other relief as the Court may deem just and proper.

Dated: December 30, 2016

Crisostomo G. Ibarra
Attorney for Plaintiff
GLORIA NUNEZ