United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA NUÑEZ,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY RETIREMENT PLAN, et al.,<br><br>    Defendants. | Case No. 16-cv-07412-JST<br><br>**ORDER DENYING INTERPLEADER DEFENDANT ADRIANA VANESSA NUÑEZ'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: ECF No. 74 |

Before the Court is a motion for attorneys' fees brought by Interpleader Defendant Adriana Vanessa Nuñez ("Vanessa") against Plaintiff and Interpleader Defendant Gloria Nuñez. ECF No. 74. The Court will deny the motion.

## I. BACKGROUND

This action concerns the pension survivor benefits of Daniel Nuñez from Defendant Pacific Gas & Electric Company Retirement Plan. Gloria, who was married to Daniel at the time of his death, and Vanessa, his daughter from a prior marriage, both asserted claims to those benefits. The Court issued findings of fact and conclusions of law on February 12, 2018, and a detailed recitation of the facts and procedural history of this case may be found in that order. ECF No. 67. In brief, the Plan initially awarded benefits to Gloria, but its appeals committee reversed that decision and awarded benefits to Vanessa. Gloria sued the Plan seeking an award of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The Plan filed an interpleader complaint naming Gloria and Vanessa as interpleader defendants. The Court concluded that the appeals committee did not abuse its discretion in awarding benefits to Vanessa and therefore ruled in Vanessa's favor. Vanessa subsequently filed the pending motion for attorneys' fees, seeking $36,225.00 from Gloria.

## II. LEGAL STANDARD

ERISA provides that a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). To award fees under this provision, "courts must first determine whether a litigant has achieved some degree of success on the merits. If so, courts must then determine whether the *Hummell* factors weigh in favor of awarding that litigant attorney's fees. Only if both of these conditions are met may a district court award fees." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1122 (9th Cir. 2010).[1] The five *Hummell* factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

## III. DISCUSSION

Gloria and Vanessa dispute whether an interpleader defendant may receive a fee award from another interpleader defendant under § 1132(g)(1). Vanessa cites several cases where courts have awarded fees, or considered the *Hummell* factors in declining to award fees, in cases involving interpleader. ECF No. 79 at 5. But none of these cases involved a request for fees from one interpleader defendant to another.[2] The Court does not decide this question because it does

---

[1] Vanessa argues that, following the Supreme Court's decision in *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242, (2010), "analysis of the *Hummell* factors is not required for the Court to exercise its discretion to award fees." ECF No. 74 at 5. She is incorrect. Although *Hardt* noted that consideration of the factors is "not required for channeling a court's discretion when awarding fees under this section," it also "[did] not foreclose the possibility" that a court may consider the factors once it determined that a litigant achieved some success on the merits. 560 U.S. at 255 & n.8. In *Simonia*, the Ninth Circuit considered the Supreme Court's decision in *Hardt* and concluded that "district courts must still consider the *Hummell* factors before exercising their discretion to award fees under § 1132(g)(1)." *Simonia*, 608 F.3d at 1120-21.

[2] *See Joint Trustees of Int'l Longshore & Warehouse Union-Pac. Mar. Ass'n Pension Plan v. Pritchow*, No. C12-1379JLR, 2012 WL 6625279, at *4 (W.D. Wash. Dec. 19, 2012) (declining to award fees to interpleader defendant to be paid by interpleader plaintiff); *Schreffler v. Metro. Life Ins. Co.*, No. CV 04-1561 PCT SMM, 2006 WL 1127096, at *8 (D. Ariz. Apr. 25, 2006) (fees

2

not find a fee award to Vanessa to be appropriate even if allowed under § 1132(g)(1).

The Court entered judgment in Vanessa's favor, ECF No. 73, and she therefore achieved more than some success on the merits. Consequently, as Gloria concedes, the final *Hummell* factor, the relative position of the parties, weighs in favor of a fee award. ECF No. 78 at 10.

But, on balance, the *Hummell* factors weigh against awarding fees. First, "to avoid a finding of bad faith under the *Hummell* factors, plaintiffs must have a reasonable belief that they could prove an actionable ERISA claim." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000). Gloria had such a belief in this case. The Plan initially awarded benefits to her. Although the appeals committee reversed that initial award, it was not unreasonable for Gloria to have challenged the appeals committee's decision in this Court. Gloria's case was not "frivolous" or "baseless" as argued by Vanessa, ECF No. 74 at 8, and the deterrence factor also does not weigh in favor of a fee award; there is no reason to deter individuals from pursuing ERISA claims that they reasonably believe have merit. In addition, Adriana did not seek "to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA." *Hummell*, 634 F.2d at 453. While Vanessa argues that she was acting for the benefit of her sisters as well as herself, this does not transform the dispute into one that involves broader legal questions. This case resolved only the single issue, under facts unique to this case, of who should receive one individual's pension survivor benefits.

Finally, as to ability to pay, Vanessa's reply takes issue with Gloria's purported evidence of inability to pay. ECF No. 79 at 6. The Court agrees with Vanessa that a two-year-old affidavit stating that Gloria "has no ability to legally work," does not establish inability to pay. ECF No. 78 at 8. Likewise, Gloria has submitted no information about any assets she might own aside from the community property interest she received after Daniel's death. The Court makes no finding regarding Gloria's ability or inability to pay a fee award. However, even if Gloria had the ability

---

awarded to defendant and interpleader plaintiff, paid out of interpleaded funds); *Metro. Life Ins. Co. v. Bischoff*, 366 F. Supp. 2d 455, 461 (W.D. Tex. 2004) (fees awarded to guardian ad litem for defendant's minor child, paid by interpleader plaintiff); *Springate v. Weighmasters Murphy, Inc. Money Purchase Pension Plan*, 217 F. Supp. 2d 1007, 1027 (C.D. Cal. 2002) (noting intent to award fees to plaintiffs to be paid by defendant in case related to interpleader action).

3

to pay, this factor would not be dispositive given the other *Hummell* factors that weigh against a fee award.

## CONCLUSION

Adriana Vanessa Nuñez's motion for attorneys' fees is denied.

**IT IS SO ORDERED.**

Dated: September 5, 2018



JON S. TIGAR
United States District Judge